UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| SHELTON TERRELL DOWD | * | CASE NO.  15-06667-dd |
| *AKA* SHELTON T DOWD | * | |
| *AKA* SHELTON DOWD | * | |
| Debtor. | * | |
| BRIAN CANADY | * | |
| Co-Debtor. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## MOTION TO MODIFY, LIFT OR TERMINATE STAY

One Pine VIII, LLC, as serviced by Statebridge Company, LLC ("Movant"), a secured creditor of the above Debtor, hereby moves this Court for relief from the Automatic Stay of 11 U.S.C. §362(a) and from the stay imposed by §1301(a), by terminating, modifying or lifting the stay as to Movant's collateral on the following grounds:

1.      This proceeding seeking relief under §362(a) as to Debtor and §1301(d), as to Co-Debtor, of the U.S. Bankruptcy Code is a contested matter within the meaning of 9014 and 4001 of the Federal Rules of Bankruptcy Procedure, and this Court has jurisdiction over this matter pursuant to 28 U.S.C. Section 157.

2.      Shelton Terrell Dowd, (hereinafter "Debtor") filed a Petition for Relief under Chapter 13 of the Bankruptcy Code on December 16, 2015. Pamela Simmons-Beasley is the appointed Chapter 13 Trustee for the case.

3.      The Trustee of the Debtor's estate may claim an interest in the property which is the subject of this action.

4.      A Chapter 13 Plan has not yet been confirmed; however, the Chapter 13 Plan proposes to surrender the subject property.

5.      That on or about September 1, 2012, for value received, the Debtor and Brian Canady

("Co-Debtor")  did execute and deliver to Castlerock REO 1 LLC a certain promissory note in the original principal amount of Twenty-Eight Thousand Five Hundred and 00/100 Dollars ($28,500.00) (the "Note"). A true and accurate copy of the Note is attached hereto as Exhibit A and incorporated herein.

6.      To secure the sums due under the Note, the Debtor and Co-Debtor executed a certain Land Contract/Contract for Deed on real property commonly known as 303 E Jones Street, Trenton, NC 28585 (the "Property"). That certain Contract given was given by the Debtor to Castlerock REO 1 LLC on or about August 13, 2012 (the "Contract"), all obligation of the borrower under and with respect to the Note and Contract (collectively the "Obligations) are secured by the Property. A copy of the Contract is attached hereto as Exhibit B and incorporated herein.

7.      Thereafter, by virtue of an Assignment of Land Contract dated January 22, 2014, Castlerock REO 1 LLC assigned said Contract unto One Pine VIII, LLC, the present holder and Movant herein. A true and accurate copy of the Assignment is attached hereto as Exhibit C and incorporated herein.

8.      Movant is the holder of a secured claim. The collateral consists of certain real property which is more fully described in the Contract. A copy of the Note, Contract and applicable documents are attached to the Movant's Certification of Facts.

9.      Attached are redacted copies of any documents that support the claim, such as promissory notes, invoices, itemized statements of running accounts, contracts, judgments, and security agreements in support of the right to seek a lift of the automatic stay and foreclosure or action termination of land contract/contract for deed, if necessary.

10.      Statebridge Company, LLC services the loan on the Property referenced in this Motion.

In the event the automatic stay in this case is modified, the case dismisses, and/or the Debtor obtains a discharge and a foreclosure action is commences or continued on the Property, the foreclosure will be conducted in the name of the Movant.

11.     As of March 24, 2016 the Debtor has failed to make post-petition payments and is due for the January 1, 2016 payment and all payments thereafter.

12.     Cause exists for relief from the automatic stay for the following reasons:

   a.     Movant's interest in the Property is not adequately protected.

   b.     Pursuant to 11 U.S.C. §362(d)(2)(A), Debtor has no equity in the Property; and pursuant to §362(d)(2)(B), the Proeprty is not necessary for an effective reorganization. Further, the Debtor is surrendering his interest as set forth in the Chapter 13 Plan.

   c.     The interest of the Movant with respect to the Property continues to worsen and is not adequately protected while a large indebtedness remains upon the account of the Debtor.

13.     According to the Contract, Movant's attorney is entitled to reasonable fees and reimbursement of costs for the prosecution of this action.

14.     Fed. R. Bankr. P. 4001(a)(3) should not apply under the circumstances.

15.     The Movant agrees to waive any claim that may arises under 11 U.S.C. §503(b) or §507(b) as a result of this Motion. The Movant further agrees, that while this case remains open, any funds realized from the foreclosure sale, in excess of all liens, costs, and expenses, will be paid to the Chapter 13 Trustee.

   **WHEREFORE**, Movant prays that this Court issue an Order terminating or modifying the automatic stay and granting the following relief:

1.      Relief from stay for all purposes allowed by the Note, the Contract, and applicable state law, including but not limited to, the right to foreclose or terminate the contract for deed allowing Movant (and any successors or assigns) to proceed under applicable non-bankruptcy law to enforce its remedies to foreclose upon and obtain possession of the Property,

2.      That the Order be binding and effective despite any conversion of this Bankruptcy case to a case under any other Chapter of Title 11 of the United States Code,

3.      That the Movant be entitled to recover its reasonable fees and expenses incurred in connection with seeking the relief requested in this Motion,

4.      For such other and further relief as the Court deems just and proper.

                              Respectfully submitted,


                               _/s/  Elizabeth Polk_____
                              Elizabeth Polk (ID #7124)
                              Stern & Eisenberg Southern, PC
                              1001 Washington Street
                              Suite 300
                              Columbia, SC 29201
                              Ph:    803-929-0760, Fax:   803-929-0830
                              bpolk@sterneisenberg.com
                              Attorney for Movant

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | |
|---|---|
| IN RE: | *    CHAPTER 13 |
| SHELTON TERRELL DOWD | *    CASE NO.  15-06667-dd |
| *AKA* SHELTON T DOWD | * |
| *AKA* SHELTON DOWD | * |
| Debtor. | * |
| BRIAN CANADY | * |
| Co-Debtor. | * |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## NOTICE OF MOTION FOR RELIEF FROM AUTOMATIC STAY

TO: <u>Debtor, Trustee, and THOSE NAME IN THE ATTACHED MOTION</u>

PLEASE TAKE NOTICE THAT a hearing will be held on the attached motion on:

**DATE:** May 9, 2016
**TIME:** 2:00 PM
**LOCATION:** 1100 Laurel Street, U.S. Bankruptcy Courthouse, Columbia, SC 29201

Within fourteen (14) days after service of the attached Motion, the Notice of Motion, the

Movant's Certification of Facts, any party objecting to the relief sought shall:

1) File with the Court a written objection the 11 U.S.C. §362 Motion;
2) File with the Court a Certification of Facts;
3) Serve items 1 & 2 above on the Movant at the address shown below, and
4) File a certificate of such service with the Court.

If you fail to comply with this procedure, you may be denied the opportunity to appear and be

heard on this proceeding before the Court.

Date of Service: <u>April 12, 2016</u>

Movant:    <u>One Pine VIII, LLC</u>

Attorney:    <u>/s/ Elizabeth Polk</u>
Elizabeth Polk  (ID #7124)
Stern & Eisenberg Southern, PC
1001 Washington Street
Suite 300
Columbia, SC 29201
Ph:    803-929-0760, Fax:   803-929-0830
bpolk@sterneisenberg.com
Attorney for Movant

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| SHELTON TERRELL DOWD | * | CASE NO.  15-06667-dd |
| *AKA* SHELTON T DOWD | * | |
| *AKA* SHELTON DOWD | * | |
| Debtor. | * | |
| BRIAN CANADY | * | |
| Co-Debtor. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

## CERTIFICATION OF FACTS

In the above-entitled proceeding, in which relief is sought by One Pine VIII, LLC, as serviced by Statebridge Company, LLC from the automatic stay provided by 11 U.S.C. §362 and §1301, I do hereby certify to the best of my knowledge the following:

1. <u>Nature of Movant's Interest</u>
   Secured

2. <u>Brief Description of Security Interest, copy attached (if applicable):</u>
   Note secured by Land Contract/Contract for Deed (Copies attached to Motion).

3. <u>Description of Property Encumbered by Stay (include serial number, lot and block number, etc.)</u>
   303 E Jones Street, Trenton, NC 28585, County of Jones
   (See copy of Contract for full legal description).

4. <u>Basis for Relief (property not necessary for reorganization, debtor has no equity, property no property of estate, etc.; include applicable subsection of 11 U.S.C. §362:</u>
   §362(d)(1) lack of adequate protection, including missed post-petition payments
   §362(d)(2) the debtor has no equity in the Property for the benefit of the estate

5. <u>Prior adjudication by Other Court, copy attached (Decree of Foreclosure, Order for Possession, Levy of Execution, etc., if applicable):</u>
   N/A

6. <u>Valuation of Property copy of Valuation attached (Appraisal, Blue Book, etc.):</u>
   Fair Market Value: Approx. $28,000.00 per Debtor's Schedule A
   Liens (Mortgages): Approx. $28,242.26
   Equity Before Exemption: $0.00
   Debtor's Exemption: (-) $4,995.00
   Net Equity: $0.00

7.      <u>Amount of debtor's estimated equity (using figure from paragraph 6, supra):</u>
        $0.00


8.      <u>Month and Year in which First Direct Post-Petition Payment Came Due to
Movant (if applicable):</u>
        01/01/2016


9.      <u>Month and Year for which Debtor is Contractually Due as of the Date of this
Motion:</u>
        08/01/2015


Dated:   <u>April 12, 2016</u>

                                        <u>  /s/  Elizabeth Polk                    </u>
                                        Elizabeth Polk  (ID #7124)
                                        Stern & Eisenberg Southern, PC
                                        1001 Washington Street
                                        Suite 300
                                        Columbia, SC 29201
                                        Ph:    803-929-0760, Fax:   803-929-0830
                                        bpolk@sterneisenberg.com
                                        Attorney for Movant

UNITED STATES BANKRUPTCY COURT
FOR THE DISTRICT OF SOUTH CAROLINA
COLUMBIA DIVISION

| | | |
|---|---|---|
| IN RE: | * | CHAPTER 13 |
| SHELTON TERRELL DOWD | * | CASE NO.  15-06667-dd |
| *AKA* SHELTON T DOWD | * | |
| *AKA* SHELTON DOWD | * | |
| Debtor. | * | |
| BRIAN CANADY | * | |
| Co-Debtor. | * | |

* * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * * *

<u>CERTIFICATE OF SERVICE</u>

     I, the undersigned, do hereby certify that a copy of the foregoing Motion for Relief, Notice of Motion, Certification of Facts and Certificate of Service were mailed by first class mail, postage pre-paid, or served electronically via the Court's CM/ECF system, this <u> 12th </u> day of <u>    April    </u>, 2016, to the parties listed below:

Jason T. Moss
816 Elmwood Avenue
Columbia, SC 29201
jane@mossattorneys.com
Attorney for Debtor

Office of the U.S. Trustee
1835 Assembly Street
Suite 953
Columbia, SC 29201
USTPRegion04.CO.ECF@usdoj.gov
U.S. Trustee

Pamela Simmons-Beasley
1813 Laurel Street
Columbia, SC 29201
ecf@ch13trustee.net
Chapter 13 Trustee

and by standard first class mail postage prepaid to:

Shelton Terrell Dowd
4443 Bethel Church Road
Apt. 53
Columbia, SC 29206
Debtor

Brian Canady
4443 Bethel Church Road
Columbia, SC 29206
Co-Debtor

   */s/   Kelsey Whitley*
Kelsey Whitley, Paralegal
Stern & Eisenberg Mid Atlantic PC
9411 Philadelphia Road, Suite M
Baltimore, MD 21237
Phone (410) 635-5127

## PROMISSORY NOTE

**09/01/2012**
**303 E Jones Street**
**Trenton, NC 28585**

1. **BORROWER'S PROMISE TO PAY**
   In return for a loan that I **(Brian Sintel Canady and Shelton Terrell)** "Borrower", have received, I promise to pay U.S. **$28,500** (this amount is called "Principal"), plus interest, to the order of the Lender. The Lender is **Castlerock REO 1 LLC**. I will make all payments under this Note in the form of cash, check or money order.
   I understand that the Lender may transfer this Note. The Lender or anyone who takes this Note by transfer and who is entitled to receive payments under this Note is called the "Note Holder."

2. **INTEREST**
   Interest will be charged on unpaid principal until the full amount of Principal has been paid. I will pay interest at a yearly rate of **9.9%**
   The interest rate required by this Section 2 is the rate I will pay both before and after any default described in Section 6(B) of this Note.

3. **PAYMENTS**
   **(A)   Time and Place of Payments**
   I will pay principal and interest by making a payment every month.
   I will make my monthly payment on the 1st **day of each month** beginning on **October 1, 2012.** I will make these payments every month until I have paid all of the principal and interest and any other charges described below that I may owe under this Note. Each monthly payment will be applied as of its scheduled due date and will be applied to interest before Principal. If, on **September 1, 2027,** I still owe amounts under this Note, I will pay those amounts in full on that date, which is called the "Maturity Date." I will make my monthly payments at **45 Knollwood Road, Suite 400 Elmsford, NY 10523** or at a different place if required by the Note Holder.

   **(B)   Amount of Monthly Payments**
   My monthly payment will be in the amount of U.S. **$304,52**

4. **BORROWER'S RIGHT TO PREPAY**
   I have the right to make payments of Principal at any time before they are due. A payment of Principal only is known as a "Prepayment.". When I make a Prepayment, I will tell the Note Holder in writing that I am doing so. I may not designate a payment as a Prepayment if I have not made all the monthly payments due under the Note. I may make a full Prepayment or partial Prepayments without paying a Prepayment charge. The Note Holder will use my Prepayments to reduce the amount of Principal that I owe under this Note. However, the Note Holder may apply my Prepayment to the accrued and unpaid interest on the Prepayment amount, before applying my Prepayment to reduce the Principal amount of the Note. If I make a partial Prepayment, there will be no changes in the due date or in the amount of my monthly payment unless the Note Holder agrees in writing to those changes.

5. **LOAN CHARGES**
   If a law, which applies to this loan and which sets maximum loan charges, is finally interpreted so that the interest or other loan charges collected or to be collected in connection with this loan exceed the permitted limits, then: (a) any such loan charge shall be reduced by the amount necessary to reduce the charge to the permitted limit; and (b) any sums already collected from me which exceeded permitted limits will be refunded to me. The Note Holder may choose to make this refund by reducing the Principal

**EXHIBIT A**

I owe under this Note or by making a direct payment to me. If a refund reduces Principal, the reduction will be treated as a partial Prepayment.

## 6.   BORROWER'S FAILURE TO PAY AS REQUIRED

### (A)   Late Charge for Overdue Payments

If the Note Holder has not received the full amount of any monthly payment by the end of **5** calendar days after the date it is due, I will pay a late charge to the Note Holder. The amount of the charge will be **$35.00**. I will pay this late charge promptly but only once on each late payment. **All payments collected will be applied first to late fees, then to interest, then to principal.**

### (B)   Default

If I do not pay the full amount of each monthly payment on the date it is due, I will be in default.

### (C)   Notice of Default

If I am in default, the Note Holder may send me a written notice telling me that if I do not pay the overdue amount by a certain date, the Note Holder may require me to pay immediately the full amount of Principal which has not been paid and all the interest that I owe on that amount. That date must be at least **15** days after the date on which the notice is mailed to me or delivered by other means.

### (D)   No Waiver By Note Holder

Even if, at a time when I am in default, the Note Holder does not require me to pay immediately in full as described above, the Note Holder will still have the right to do so if I am in default at a later time.

### (E)   Payment of Note Holder's Costs and Expenses

If the Note Holder has required me to pay immediately in full as described above, the Note Holder will have the right to be paid back by me for all of its costs and expenses in enforcing this Note to the extent not prohibited by applicable law. Those expenses include, for example, reasonable attorneys' fees.

## 7.   GIVING OF NOTICES

Unless applicable law requires a different method, any notice that must be given to me under this Note will be given by delivering it or by mailing it by first class mail to me at the Property Address above or at a different address if I give the Note Holder a notice of my different address.

Any notice that must be given to the Note Holder under this Note will be given by delivering it or by mailing it by first class mail to the Note Holder at the address stated in Section 3(A) above or at a different address if I am given a notice of that different address.

## 8.   OBLIGATIONS OF PERSONS UNDER THIS NOTE

If more than one person signs this Note, each person is fully and personally obligated to keep all of the promises made in this Note, including the promise to pay the full amount owed. Any person who is a guarantor, surety or endorser of this Note is also obligated to do these things. Any person, who takes over these obligations, including the obligations of a guarantor, surety or endorser of this Note, is also obligated to keep all of the promises made in this Note. The Note Holder may enforce its rights under this Note against each person individually or against all of us together. This means that any one of us may be required to pay all of the amounts owed under this Note.

## 9.   WAIVERS

I and any other person who has obligations under this Note waive the rights of Presentment and Notice of Dishonor. "Presentment" means the right to require the Note Holder to demand payment of amounts due. "Notice of Dishonor" means the right to require the Note Holder to give notice to other persons that amounts due have not been paid.

**EXHIBIT A**

10.    **UNIFORM SECURED NOTE**

This Note is a uniform instrument with limited variations in some jurisdictions. In addition to the protections given to the Note Holder under this Note, a Mortgage, Deed of Trust, or Security Deed (the "Security Instrument"), dated the same date as this Note, protects the Note Holder from possible losses which might result if I do not keep the promises which I make in this Note. That Security Instrument describes how and under what conditions I may be required to make immediate payment in full of all amounts I owe under this Note. Some of those conditions are described as follows:

If all or any part of the Property or any Interest in the Property is sold or transferred (or if Borrower is not a natural person and a beneficial interest in Borrower is sold or transferred) without Lender's prior written consent, Lender may require immediate payment in full of all sums secured by this Security Instrument. However, this option shall not be exercised by Lender if such exercise is prohibited by Applicable Law.

If Lender exercises this option, Lender shall give Borrower notice of acceleration. The notice shall provide a period of not less than 30 days from the date the notice is given in accordance with Section 15 within which Borrower must pay all sums secured by this Security Instrument. If Borrower fails to pay these sums prior to the expiration of this period, Lender may invoke any remedies permitted by this Security Instrument without further notice or demand on Borrower.

WITNESS THE HAND(S) AND SEAL(S) OF THE UNDERSIGNED.

_____
Brian Sintel Canady  -Borrower

_____
Shelton Terrell-Borrower

_____
Notary Public Signature

Amanda J Duggan
Notary Public
Onslow County
North Carolina
My Commission Expires May 25, 2016

(SEAL)

Notary must notarize all signatures

EXHIBIT A

## LAND CONTRACT /CONTRACT FOR DEED

ON THIS DAY, August 13, 2012, this agreement is entered into by and between **Castlerock REO 1 LLC**, hereinafter referred to as "SELLER", whether one or more, and **Brian Sintel Canady and Shelton Terrell Dowd**, hereinafter referred to as "PURCHASER", whether one or more, on the terms and conditions and for the purposes hereinafter set forth:

## 1.
## SALE OF PROPERTY

For and in consideration of **Twenty-Nine Thousand Two Hundred Fifty Dollars ($29,250)** and other good and valuable considerations the receipt and sufficiency of which is hereby acknowledged, Seller does hereby agree to convey, sell, assign, transfer and set over unto Purchaser, the following property **situated at 303 E Jones Street Trenton, NC 28585, Jones County** hereinafter referred to as "The Property" being described as follows: *(Type description or attach description as exhibit "A")*

**303 E Jones Street Trenton, NC 28585, Jones County**

**Parcel: 4498-31-6851-00**

**Legal Description:**

Together with all rights of ownership associated with the property, including, but not limited to, all easements and rights benefiting the premises, whether or not such easements and rights are of record, and all tenements, hereditaments, improvements and appurtenances, including all lighting fixtures, plumbing fixtures, shades, venetian blinds, curtain rods, storm windows, storm doors, screens, awnings, if any, now on the premises.

SUBJECT TO all recorded easements, rights-of-way, conditions, encumbrances and limitations and to all applicable building and use restrictions, zoning laws and ordinances, if any, affecting the property.

Initials  Purchaser _BC   SD_          Seller _____

- 1 -
Contract for Deed



## 2.
## PURCHASE PRICE AND TERMS

The purchase price of the property shall be **$29,250**.  The purchaser does hereby agree to pay to the order of the Seller the sum of **Seven-Hundred Fifty Dollars ($750)** upon execution of this agreement, with the principal balance of **$28,500** being due and payable as follows.

**Balance payable, together with interest on the whole sum that shall be from time to time unpaid at the rate of 9.9% per cent, per annum, payable in the amount of $304.52 dollars per month beginning on the 1st day of October, 2012 and continuing on the same day of each month thereafter and ending on the 1st day of September, 2027. Interest shall be computed monthly and deducted from payment and the balance of payment shall be applied to principal.**

## 3.
## TIME OF THE ESSENCE

Time is of the essence in the performance of each and every term and provision in this agreement by Purchaser.

## 4.
## SECURITY

This contract shall stand as security of the payment of the obligations of Purchaser.

## 5.
## MAINTENANCE OF IMPROVEMENTS

All improvements on the property, including, but not limited to, buildings, trees or other improvements now on the premises, or hereafter made or placed thereon, shall be a part of the security for the performance of this contract and shall not be removed therefrom.  Purchaser shall not commit, or suffer any other person to commit, any waste or damage to said premises or the appurtenances and shall keep the premises and all improvements in as good condition as they are now

Initials  Purchaser _B. C. SD_                    Seller _M_

- 2 -
Contract for Deed

**EXHIBIT B**

**6.**
## CONDITION OF IMPROVEMENTS

Purchaser agrees that the Seller has not made, nor makes any representations or warranties as to the condition of the premises, the condition of the buildings, appurtenances and fixtures locate thereon, and/or the location of the boundaries.  Purchaser accepts the property in its **"as-is" and "where is" condition** without warranty of any kind.

**7.**
## POSSESSION AND MAINTENANCE OF PROPERTY

Purchaser shall take possession of the property and all improvements thereon upon execution of this contract and shall continue in the peaceful enjoyment of the property so long as all payments due under the terms of this contract are timely made.  Purchaser agrees to keep the property in a good state of repair and in the event of termination of this contract; Purchaser agrees to return the property to Seller in substantially the same condition as it now exists. Seller reserves the right to inspect the property at any time with 24 hour notice to Purchaser. **Purchaser is responsible for all costs associated with repairs and maintenance of the property including trash removal and grounds maintenance.**

**8.**
## TAXES, INSURANCE, UTILITIES AND ASSESSMENTS

**Taxes and Assessments**: During the term of this contract all taxes and assessments levied against the property shall be the responsibility of the purchaser. **SELLER WILL PAY TAXES AND ASSESSMENTS AND BILL THE BUYER FOR FULL REIMBURSEMENT OVER A PERIOD NOT LONGER THAT THE MUNICIPALITY/ AUTHORITY'S BILLING/ASSESSMENT PERIOD. Seller and Purchaser acknowledge that failure to comply with this provision constitutes an event of default entitling Seller to convert Purchaser to a month to month tenant (see below Default, Conversion to Month to Month Tenancy)**

Initials  Purchaser _B.C. SD_          Seller _____

- 3 -
Contract for Deed

**EXHIBIT B**

**Content Insurance**: Purchaser shall be solely responsible for obtaining insurance of the contents, insuring contents owned by Purchaser. **Purchaser** shall be solely responsible for obtaining insurance on all contents owned by Seller.

**Liability Insurance**: Liability insurance shall be maintained by Purchaser during the term of this contract naming Seller as an additional insured, in the amount of not less than $500,000 per occurrence and $1,000,000 aggregate.

**Fire, Hazard and Windstorm insurance**: Fire, hazard and windstorm insurance shall be maintained as follows:

Purchaser shall obtain fire, hazard and windstorm insurance in the amount not less than $28,500 on a policy of insurance naming **"Allied Serving Corporation, as servicer for the mortgagee, its successors and/or assigns, as Loss Payee; P.O. Box 13245, Spokane Valley, WA 99213-0245"**. Seller and Purchaser acknowledge that failure of Purchaser to maintain an active fire, liability, hazard, and windstorm insurance policy on the premises constitutes an event of Default entitling Seller to convert Purchaser to a month to month tenant (see below Default, Conversion to Month to Month Tenancy)

Should the Purchaser fail to pay any tax or assessment, or installment thereof, when due, or keep said buildings insured, Seller may pay the same and have the buildings insured, and the amounts thus expended shall be a lien on said premises and may be added to the balance then unpaid, or collected by Seller, in the discretion if Seller with interest until paid at the rate of the 9.9 per cent per annum.

In case of any damage as a result of which said insurance proceeds are available, the Purchaser may, within sixty (60) days of said loss or damage, give to the Seller written notice of Purchaser's election to repair or rebuild the damaged parts of the premises, in which event said insurance proceeds shall be used for such purpose. The balance of said proceeds, if any, which remain after completion of said repairing or rebuilding, or all of said insurance proceeds if the Purchaser elects not to repair or rebuild, shall be applied first toward the satisfaction of any existing defaults under the terms of this contract, and then as a prepayment upon the principal balance owing. No such prepayment shall defer

Initials  Purchaser _B.C. SD_          Seller _____

- 4 -
Contract for Deed



the time for payment of any remaining payments required by said contract. Any surplus of said proceeds in excess of the balance owing hereon shall be paid to the Purchaser.

**UTILITIES:** **Purchaser is responsible for paying for all utilities associated with the property, which includes but is not limited to Water, Sewer (if separate from water) Natural Gas, Oil, Electric, Propane, Telephone and Cable Television.**

## 9.
## DEFAULT, CONVERSION TO MONTH TO MONTH TENANCY

If the Purchaser shall fail to perform any of the covenants or conditions contained in this contract on or before the date on which the performance is required, the Seller shall give Purchaser notice of default or performance, stating the Purchaser is allowed fourteen (14) days from the date of the Notice to cure the default or performance. In the event the default or failure of performance is not cured within the 14 day time period, then Purchaser's rights to the property will terminate and the Purchaser will automatically be converted to a "month to month tenant. The purchaser now known as "Tenant" (and the Seller now known as Landlord) agrees to peacefully surrender The Property to the Landlord in good condition within 15 days of conversion. The Tenant will pay the Landlord rent in an amount equal to 100% of the amount of the payment in the promissory Note. The Tenant acknowledges that the landlord will initiate an action to evict the Tenant when any rent is more than 15 days late. If Tenant does not peacefully surrender the Property upon request from The Landlord, it will be lawful for The Landlord to enter upon and take possession of the Property with 24 hour notice and remove all persons and their personal property subject to local laws. All amounts paid by the Tenant and all improvements constructed in or upon the Property will be retained by the Landlord as compensation for the use and occupancy of the Property by the Tenant. The Provisions made for forfeiture in this contract are an attempt to estimate the actual damage to the Landlord in the event of default by the Tenant and both parties hereto agree that these forfeitures are reasonable and are not a penalty.

Initials  Purchaser _B. C. SD_          Seller _____

- 5 -
Contract for Deed

**EXHIBIT B**

## 10.

## DEED AND EVIDENCE OF TITLE

If Purchaser shall, in the time and manner above specified make all the payments, observe and perform all covenants and conditions herein made and herein provided, Seller shall thereupon, at Purchaser's Expense, by Special or limited Warranty Deed, convey the Property to Purchaser on the conditions herein agreed. All closing costs shall be paid for by the purchaser. The Deed shall be limited so as to except acts of negligence of parties other than Seller subsequent to the date of this Contract. In any event, Purchaser hereby agrees to hold Seller harmless for any acts or negligence of parties other than Seller subsequent to the date of this Contract. Except for costs resulting from acts, negligence, or death of Seller all cost of additional evidence of title shall be the obligation of Purchaser. Seller shall not warrant any Deed from liens or encumbrances that exist on the property.

## 11.
## NOTICES

All notices required hereunder shall be deemed to have been made when deposited in the U. S. Mail, postage prepaid, certified, return receipt requested, to the Purchaser or Seller at the addresses listed below.  All notices required hereunder may he sent to:

**Seller:**

**Castlrock REO 1  LLC**

**45 Knollwood Road, Suite 400**

**Elmsford, NY 10523**


**Purchaser:**

**Brian Sintel Canady and Shelton Terrell**

**519 Henderson Drive**

**Jacksonville, NC 28540**

Initials  Purchaser _B. C, SD_                Seller _____

- 6 -

Contract for Deed

**EXHIBIT B**

and when mailed, postage prepaid, to said address, shall be binding and conclusively presumed to be served upon said parties respectively.

## 12.
### ASSIGNMENT OR SALE

Purchaser shall not sell, assign, transfer or convey any interest in the subject property or this agreement, without first securing the written consent of the Seller.

## 13.
### ATTORNEY FEES

In the event of default, Purchaser shall pay to Seller, Seller's reasonable and actual attorneys' fees and expenses incurred by Seller in enforcement of any rights of Seller.  All attorney fees shall be payable prior to Purchaser's being deemed to have corrected any such default.

## 14.
### FEES

Payments received after the 5th of the month-$35 Late Fee

Returned checks, NSF Fee-                                    $35 NSF Fee

**If the buyer incurs the above fees, all monthly payments will be first applied to late fees and NSF fees, then to interest, then to principal.**

## 15.
### CONVEYANCE OR MORTGAGE BY SELLER

If the Seller's interest is now or hereafter encumbered by mortgage, the Seller covenants that Seller will meet the payments of principal and interest thereon as they mature and produce evidence thereof to the Purchaser upon demand. In the event the Seller shall default upon any such mortgage or land contract, the Purchaser shall have the right to do the acts or make the payments necessary to cure such default and shall be reimbursed for so doing by receiving, automatically, credit to this contract to

Initials   Purchaser  _b.C.-_____        Seller  _____

- 7 -

Contract for Deed



apply on the payments due or to become due hereon.

The Seller reserves the right to convey, his or her interest in the above described Land Contract/ Contract for Deed and such conveyance hereof shall not be a cause for rescission but such conveyance shall be subject to the terms of this agreement.

The Seller may, during the lifetime of this contract, place a mortgage on the premises above described, which shall be a lien on the premises, superior to the rights of the Purchaser herein, or may continue and renew any existing mortgage thereon, provided that the aggregate amount due on all outstanding mortgages shall not at any time be greater than the unpaid balance of the contract.

## 16.
## ENTIRE AGREEMENT

This Agreement embodies and constitutes the entire understanding between the parties with respect to the transactions contemplated herein. All prior or contemporaneous agreements, understandings, representations, oral or written, are merged into this Agreement. **Buyer is prohibited from recording this Land Contract/Contract For Deed on the County or City records unless seller has authorized buyer in writing to do so.**

## 17.
## AMENDMENT – WAIVERS

This Agreement shall not be modified, or amended except by an instrument in writing signed by all parties.

No delay or failure on the part of any party hereto in exercising any right, power or privilege under this Agreement or under any other documents furnished in connection with or pursuant to this Agreement shall impair any such right, power or privilege or be construed as a waiver of any default or any acquiescence therein. No single or partial exercise of any such right, power or privilege shall preclude the further exercise of such right, power or privilege, or the exercise of any other right, power

Initials  Purchaser _____          Seller _____

- 8 -
Contract for Deed



or privilege. No waiver shall be valid against any party hereto unless made in writing and signed by the party against whom enforcement of such waiver is sought and then only to the extent expressly specified therein.

## 18.
## SEVERABILITY

If any one or more of the provisions contained in this Agreement shall be held illegal or unenforceable by a court, no other provisions shall be affected by this holding. The parties intend that in the event one or more provisions of this agreement are declared invalid or unenforceable, the remaining provisions shall remain enforceable and this agreement shall be interpreted by a Court in favor of survival of all remaining provisions.

## 19.

## INDEMNIFICATION

Purchaser agrees to indemnify and hold harmless Seller and its agents from and against any and all losses, claims, demands, liabilities, costs, damages, and expenses (including attorneys fees and costs) that Seller may incur arising from Purchasers actions or failure to act on, respond to or comply with any local, state, or federal law, rule or ordinance affecting the Property including but not limited to, building code requirements, nuisance claims or abatements thereof, condemnation proceedings, lien enforcement actions, and the like. Further, Purchaser acknowledges that the property may be subject to proceedings in law or equity to abate, correct, or otherwise comply with local, state, or federal requirements regarding the Property and that this indemnity also will apply in such instance. Purchaser further agrees to indemnify and hold harmless Seller and its agents from and against any and all losses, claims, demands, liabilities, costs, damages, and expenses (including attorney's fees and costs) that Seller may incur arising from Purchasers actions or failure to act in any matter involving a tort claim arising from buyers use of the Property.

## 20.

## PRONOUNS

All pronouns and any variations thereof shall be deemed to refer to the masculine, feminine, neuter, singular, or plural, as the identity of the person or entity may require. As used in this agreement: Initials  Purchaser _B.C. SW_          Seller _____



(1) words of the masculine gender shall mean and include corresponding neuter words or words of the

feminine gender, (2) words in the singular shall mean and include the plural and vice versa, and (3) the word "may" gives sole discretion without any obligation to take any action

## 21.
## JOINT AND SEVERAL LIABILITY

All Purchasers, if more than one, covenants and agrees that their obligations and liability shall be joint and several.

## 22.
## PURCHASER'S RIGHT TO REINSTATE AFTER ACCELERATION

If Purchaser defaults and the loan is accelerated, then Purchaser shall have the right of reinstatement as allowed under the laws of the State  in which the property is located, provided that Purchaser: (a) pays Seller  all sums which then would be due under this agreement as if no acceleration had occurred; (b) cures any default of any other covenants or agreements; and (c) pays all expenses incurred in enforcing this agreement, including, but not limited to, reasonable attorneys' fees, and other fees incurred for the purpose of protecting Seller's interest in the Property and rights under this agreement. Seller may require that Purchaser pay such reinstatement sums and expenses in one or more of the following forms, as selected by Seller: (a) cash, (b) money order, (c) certified check, bank check, treasurer's check or cashier's check, provided any such check is drawn upon an institution whose deposits are insured by a federal agency, instrumentality or entity or (d) Electronic Funds Transfer. Upon reinstatement by Purchaser, this Security Instrument and obligations secured hereby shall remain fully effective as if no acceleration had occurred.

## 23.
## HEIRS AND ASSIGNS

This contract shall be binding upon and to the benefit of the heirs, administrators, executors,

Initials  Purchaser _B S SO_                    Seller _____

- 10 -
Contract for Deed



and assigns of the parties hereto.  However, nothing herein shall authorize a transfer in violation of paragraph (12).

WITNESS THE SIGNATURES of the Parties this the _____ day of, _____ 2012.

Witness
Print Name: Gloria Canady

Witness
Print Name: April Evans

Witness
Print Name: Erica Wooten

Brian Sintel Canady        (Purchaser)

Shelton Terrell            (Purchaser)

Castlerock REO 1 LLC       (Seller)
Victor Naar, Manager

STATE OF NC

COUNTY OF Onslow

The foregoing instrument was acknowledged before me this 17 day of August , 2012 by **Brian Sentel Canady**

Amanda J Duggan
Notary Public
Onslow County
North Carolina
My Commission Expires May 25, 2016

Notary Public

Printed Name: Amanda J Duggan

My Commission expires:
May 25, 2016

The foregoing instrument was acknowledged before me this 17 day of August , 2012 by **Shelton Terrell**

Amanda J Duggan
Notary Public
Onslow County
North Carolina
My Commission Expires May 25, 2016

Notary Public

Printed Name: Amanda J Duggan

Initials   Purchaser  B.C. S.D        Seller _____

EXHIBIT B

My Commission expires:

_May 25, 2016_

Initials   Purchaser _B.C. S.O._        Seller _____

- 12 -
Contract for Deed

**EXHIBIT B**

Prepared by:                        )
Kristina Poltrack                )
914-372-7337                    )
Castlerock REO 1, LLC        )
333 Westchester Ave          )
White Plains, NY 10604        )
**Return to:**                         )
One Pine VIII, LLC             )
23 Corporate Plaza Drive #150  )
Newport Beach, CA 92660     )- - - - Above This Line Reserved for Official Use Only - - - -
**Assessor's Property Tax Parcel/Account Number:**

Effective Date: 1/22/2014

## ASSIGNMENT OF LAND CONTRACT

**Name and Address of Assignor:**

Castlerock REO 1, LLC
333 Westchester Ave.
South Building, Suite #206
White Plains, NY 10604

**Name and Address of Assignee:**

One Pine VIII, LLC
23 Corporate Plaza Drive #150
Newport Beach, CA 92660

Property: 303 E Jones Street Trenton, NC 28585

FOR VALUE RECEIVED, the receipt and sufficiency of which is hereby acknowledged, the undersigned, Castlerock REO 1, LLC "Assignor," whose address is above, does hereby grants, sell, assign, transfer and convey to One Pine VIII, LLC "Assignee," whose address is above, all interest of the undersigned Assignor in and to the following described Land Contract: Attached hereto as Exhibit "A".

      Together with the note(s) and obligations therein described or referred to, the money due and to become due thereon, with interest, and all rights accrued or to accrue under said Land Contract, also attached hereto as part of Exhibit "A".

      TO HAVE AND TO HOLD the same unto Assignee and unto its successors and assigns forever, subject only to the terms and conditions of the above-described Land Contract.

      Assignor is the present holder of the above-described Land Contract.

1



IN WITNESS WHEREOF, this assignment was executed by the undersigned Assignor on this the 22 day of January, 2014.

Castlerock REO 1, LLC

By: _____

Victor Naar
Manager

State of New York        )
County of Westchester    )

On January 22, 2014 before me, personally appeared Victor Naar, who proved to me on the basis of satisfactory evidence to be the person whose name is subscribed to the within instrument and acknowledged to me that he executed the same in his authorized capacity, and that by his signature on the instrument the person, or the entity upon behalf of which the person acted, executed the instrument.

I certify under PENALTY OF PERJURY under the laws of the State of New York that the foregoing paragraph is true and correct.

WITNESS my hand and official seal.

Signature _____ (Seal)

**KRISTINA POLTRACK**
**NOTARY PUBLIC-STATE OF NEW YORK**
No. 01PO6293827
Qualified in Westchester County
My Commission Expires December 16, 2017

2

**EXHIBIT C**

**Exhibit A**

(Land Contract with Purchase Money Note)

3

EXHIBIT C

THIS CERTIFIES THAT THERE ARE NO DELINQUENT
AD VALOREM TAXES, WHICH THE JONES COUNTY TAX
COLLECTOR IS CHARGED WITH COLLECTING. THAT
ARE A LIEN ON PARCEL IDENTIFIER NUMBER:

THIS IS NOT CERTIFICATION THAT THE PIN MATCHES
THE DEED DESCRIPTION.

4-9-14        Sam Croom/dpb

DATE          TAX COLLECTOR

Image ID: 000000207989 Type: DEED
Recorded: 04/09/2014 at 10:48:18 AM
Fee Amt: $26.00 Page 1 of 4
Revenue Tax: $0.00
Jones, NC
Susan S. Gray Register of Deeds

BK **369**  PG **677**

This instrument prepared by:
JOSH EWEL
333 Westchester Ave, S206
White Plains, NY 10604

~~RETURN & MAIL TAX BILLS TO:~~
One Pine VIII, LLC
23 Corporate Plaza Dr. Ste 150
Newport Beach, CA 92660
return to:
Timios, Inc
5716 Corsa Ave, Suite 102
Westlake Village, CA 91362

EXCISE TAX $ 0.00

## SPECIAL WARRANTY DEED

THIS INDENTURE, made and entered into this 22nd day of January, 2014, by and between **CASTLEROCK REO 1, LLC**, Whose address is 333 Westchester Ave, S206 White Plains, NY 10604 ("Grantor") and **ONE PINE VIII, LLC**, a Delaware limited liability company, Whose address is 23 Corporate Plaza Drive, Ste 150, Newport Beach, CA 92660 *("Grantee")*

WITNESSETH: That for and in consideration of Ten and 00/100 Dollars ($10.00), cash in hand paid, and other good and valuable consideration, the receipt and sufficiency of all of which are hereby acknowledged, Grantor has bargained and sold and does hereby bargain, sell, convey and confirm unto Grantee the following described real estate, situated and being in the County of Jones, State of North Carolina, to wit:

SEE ATTACHED EXHIBIT "A"

**PROPERTY ADDRESS: 303 E JONES STREET, TRENTON, NC 28585**
**PARCEL #: 4498-31-6851-00**
EXEMPT FROM EXCISE TAX PER ARTICLE 105-228.29(6)

Being the same property conveyed to Grantor by SPRINGLEAF FINANCIAL SERVICES OF NORTH CAROLINA, INC, FORMERLY KNOWN AS AMERICAN GENERAL FINANCIAL SERVICES INC, FED ID # 35-1118596, of record at BK 355 PG 613, in the Office of Jones County Register of Deeds, North Carolina.

TO HAVE AND TO HOLD the aforesaid real estate, together with all the Appurtenances and hereditaments thereunto or in any wise appertaining unto Grantee, its successors and assigns, in fee simple forever



EXHIBIT C

Grantor does hereby covenant with Grantee that it is lawfully seized in fee of the aforesaid real estate; that it has good right to sell and convey the same; and that the title and

Quiet possession thereto it will warrant and forever defend against the lawful claims of all persons claiming the same by, through or under it, but not further or otherwise.

Grantor is hereby conveying said property in "AS-IS, WHERE IS, WITH ALL FAULTS" condition, which Grantee hereby acknowledges and accepts.

WITNESS the signature of the Grantor the day and year first above written.

Witnesses

_____
Print: Jenna Krantz

_____
Print: Miyosi Payano


CASTLEROCK REO 1, LLC

By: _____
VICTOR NAAR

Its: MANAGER

Image ID: 000000207990 Type: DEED
Page 2 of 4
BK 369  PG 678

STATE OF New York
COUNTY OF Westchester

Before me, the undersigned, a Notary Public of the State and County aforesaid, personally appeared VICTOR NAAR, with whom I am personally acquainted (or proved to me to be on the basis of satisfactory evidence), and who upon oath, acknowledged himself to be the Manager of CASTLEROCK REO 1, LLC and that he as such Manager, being authorized so to do, executed the within instrument for the purposes therein contained, by signing the name of VICTOR NAAR by himself as such Manager.

WITNESS my hand and Official Seal of Office, this 22nd day January, 2014

_____

KRISTINA POLTRACK
NOTARY PUBLIC-STATE OF NEW YORK
No. 01PO6293827
Qualified in Westchester County
My Commission Expires December 16, 2017

EXHIBIT C

My Commission Expires: _12/16/17_____        Notary Public

Image ID: 000000207991 Type: DEED
Page 3 of 4
BK 369    PG 679

**EXHIBIT C**

EXHIBIT "A"


ALL THAT CERTAIN LOT OR PARCEL OF LAND SITUATED IN THE TOWN OF
TRENTON, TRENTON TOWNSHIP, JONES COUNTY, NORTH CAROLINA AND MORE
PARTICULARLY DESCRIBED AS FOLLOWS:

LYING ON THE NORTH SIDE OF JONES STREET IN THE TOWN OF TRENTON,
NC, BEGINNING AT A POINT 60 FEET FROM AN INTERSECTION OF JONES
STREET AND THE STREET WHICH RUNS BY THE COLORED SCHOOL HOUSE AND
RUNS THENCE WITH SAID JONES STREET NORTH 62 DEGREES 30' WEST 60
FEET; THENCE NORTH 27 DEGREES 30' EAST 66 FEET; THENCE SOUTH 62
DEGREES 45' EAST 60 FEET; THENCE SOUTH 27 DEGREES 30' WEST 66 FEET
TO THE BEGINNING, AND BEING ONE-HALF OF THE LOT DESCRIBED IN A
DEED FROM J.A. SMITH AND WIFE, TO THE TRUSTEE'S OF THE COLORED
MASONIC LODGE.

PARCEL: 4498-31-6851-00; BEING THE SAME PROPERTY CONVEYED TO
CASTLEROCK REO 1, LLC BY DEED FROM SPRINGLEAF FINANCIAL SERVICES
OF NORTH CAROLINA FORMERLY KNOW AS AMERICAN GENERAL FINANCIAL
SERVICES INC. RECORDED 03/16/2012 IN DEED BOOK 355 PAGE 613, IN
THE REGISTER OF DEEDS OFFICE OF JONES COUNTY, NORTH CAROLINA.

Image ID: 000000207992 Type: DEED
Page 4 of 4

BK 369    PG 680

EXHIBIT C

BK Filed: 12/16/15    Due for 8/1/15 on DOF        Name: Brian Sintel Canady
First post Due 1/1/16

| Process Date | Post Petition paid thru | Post Pet Pmt RCVD amt | Post Pmt amt Due | Post Petition Suspense suspense balance |
|---|---|---|---|---|
| | | | | $22.07 |
| Due | 1/1/2016 | | $366.15 | $22.07 |
| Due | 2/1/2016 | | $366.15 | $22.07 |
| Due | 3/1/2016 | | $366.15 | $22.07 |
| Due | 4/1/2016 | | $314.23 | $22.07 |



**EXHIBIT D**